CASE NO. *233-726001-22*

**4-24CV-557-P**

IN THE UNITED STATES DISTRICT COURT
Northern ~~SOUTHERN~~ DISTRICT OF TEXAS
~~HOUSTON~~ DIVISION
*Dallas/Ftworth*

**JASON WESLEY**
     Petitioner

VS.

**TEXAS OFFICE OF ATTORNEY GENERAL**
    Respondent



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 7 2024

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

## NOTICE DEMAND TO VACATE SUPPORT ORDER FEDERAL RULE 60 (B) (4) DEMAND JUDICIAL REVIEW.

THIS DEMAND TO VACATE SUPPORT ORDER IS SUBMITTED BY JASON WESLEY INTO THIS COURT IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS, DIVISION OF HOUSTON ON JUNE 4,2024 NOTICE TO THE COURT DEMANDING REMEDY TO VACATE SUPPORT ORDERS CREATED WITHOUT DUE PROCESS OF LAW BY AN ADJUDICATOR WHO IS NOT UNBIASED NOR IMPARTIAL AS REQUIRED BY 5TH AND 14TH AMENDMENTS.

THE FACT FINDER WHO CREATED THIS VOID SUPPORT ORDER HAD A PECUNIARY INTEREST IN THE OUTCOME AND WAS NOT

1

Neither UNBIASED NOR IMPARTIAL THEREFORE THE SUPPORT ORDER IS VOID.

THE FACT FINDER'S SALARY IS PAID PARTIALLY OR WHOLLY FROM TITLE IV-D FEDERAL FUNDS RECEIVED FROM THE FACT FINDER'S DECISION THAT ESTABLISHED SUPPORT ORDER UNDER 42 USC SECTION 654 (3) A SEPARATE ORGANIZATION INDEPENDENT FROM THE COURTS REQUIRING AN IMPARTIAL JUDICIAL REVIEW AND CONFIRMATION BEFORE A PENNY CAN BE DEPRIVED UNDER THE 14TH AMENDMENT. (SUPREME COURT OF THE UNITED STATES CAPERTON ET AL. v. A.T MASSEY COAL CO., INC., ET AL., Tumey v. Ohio, 273 U.S. 510, 5231

WITHOUT AN INDEPENDENT JUDICIAL REVIEW FROM A JUDICIAL OFFICER WHOSE SALARY IS NOT PAID FROM FEDERAL FUNDS RECEIVED FROM TITTLE IV-D ESTABLISHED SUPPORT ORDER THAT IS CAUSING DEPRIVATION OF PROPERTY AT THIS VERY MOMENT.

COMES NOW, ONE OF THE PEOPLE JASON WESLEY, AN AMERICAN NATIONAL SECURED CREDITOR STANDING UPON INALIENABLE RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION BILL OF RIGHTS.

MY STANDING UPON THE US CONSTITUTION AND EXPECTATION OF THIS COURT AND DEFEND THESE GUARANTEES SHALL NOT CAUSE THIS COURT OR ANY OF ITS EMPLOYEES TO CALL JASON WESLEY A "SECURED CREDITOR" OR "CONSTITUTIONALIST"

2

THE JUDICIAL OFFICER OR QUASI JUDICIAL OFFICIAL ADDRESSING THIS

DEMAND TO VACATE MUST ADDRESS THIS DEMAND TO VACATE NOTICE

WHILE IN PURSUANCE OF THE UNITED STATES CONSTITUTION AND BILLL

RIGHTS PURSUANCE ARTICLE 6 SECTION 2 THE SUPREMACY CLAUSE AND

IN PURSUANCE OF OATH FILED UNDER PUBLIC OFFICERS LAW. ANY

JUDICIAL OR ADMINISTRATIVE PROCESS NOT IN PURSUANCE OF THE US

CONTITUTION BILL OF RIGHTS IS VOID PURSUANT SUPREME COURT

MATTER MARBURY V MAISON AND IT IS THE DUTY OF THE COURT TO ACT

OBSTA PRINCIPIIS.

THE INTENTION OF THIS LENGHTY DEMAND TO VACATE PURSUANT TO

FEDERAL RULE 60(B)(4) IS TO PROVE SUPPORT ORDERS FOR CHILD

SUPPORT WERE MADE WITHOUT ANY SEMLANCE OF DUE PROCESS AND

PROVE THE PROCEDURES UNDER 45 CFR 303.11 WERE NOT FOLLOWED

BY THE PRESIDING OFFICER, WHEREBY WHEN DUE PROCESS OF ANY

KIND IS NOT FOLLOWED THE CONCLUSIONS MADE ARE VOID OR DEFECTIVE AND UNENFORCEABLE.

FURTHER, RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTIONAL BILL OF RIGHTS CANNOT BE DEPRIVED BY ANY STATE CHILD SUPPORT LAWS OR STATUTES AS GUARANTEED UNDER 4TH AMENDMENT. THE COURTS HAVE COMMONLY HELD THAT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION, THE LAW OF THE LAND CANNOT BE DEPRIVED BY STATE STATUTES ("That statute which would deprive a citizen to the course and usage of common law, would not be the law of the land." Hoke v. Henderson, 15 NC 1- 1833)

THE ESTABLISHMENT AND AGGRESSIVE ENFORCEMENT OF SUPPORT ORDERS WERE USED TO DEPRIVE PERSONAL

PROPERTY FROM ONE OF THE PEOPLE JASON WESLEY.

WHEREBY, IT IS THE DUTY OF THIS COURT UNDER THE UNITED CONSTITUTION BILL OF RIGHTS TO IMPARTIALLY PROTECT AGAINST CONTITUTIONAL ENCROACHMENTS AND PROVE IMPARTIAL EQUAL PROTECTION.

THE TITLE IV-D FUNDS RECEIVED FOR THE ESTABLISHMENT AND ENFORCEMENT OF CHILD SUPPORT RENDER ALL PARTIES INVOLVED IN THE OUTCOME AS NOT IMPARTIAL ADJUDICATORS.

THE TITLE IV-D FUNDS ARE DEPOSITED INTO THE STATE TREASURY AND ARE USED TO PAY SALARIES OF ALL EMPLOYEES INVOLVED IN THE ESTABLISHMENT OF CHILD SUPPORT, THEREFORE PRESIDING OFFICER HAS A PECUNIARY INTEREST IN THE OUTCOME AND CANNOT REMAIN IMPARTIAL. SUPREME COURT OF THE UNITED STATES CAPERTON ET AL. v. A.T.MASSEY COAL CO., INC.,ET AL. Tumey v. Ohio,273 U.S. 510,523.

IT IS THE DUTY OF THIS COURT AND THE PUBLIC OFFICER EXAMINING THE FACTS AND EVIDENCE TO IMMEDIATELY REMEDY THE HARMS CAUSED BY VOID SUPPORT ORDERS CLEARLY MADE IN VIOLATION OF DUE PROCESS, THEREFORE THIS COURT HAS NO DISCRETION PURSUANT TO FEDERAL RULE 60(B) AND ITS MANDATE TO IMPARTIALLY PROVED EQUAL PROTECTION OF THE LAWS AND MUST VACATE ALL SUPPORT

ORDERS AGAINST JASON WESLEY MADE IN VIOLATION OF DUE PROCESS AB INITIO **FROM THE BEGINNING (United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995).**

**DECLARATION OF FACTS**

5

1. Comes now, one of the people JASON WESLEY demanding to vacate void judgments created in violation of due process are alleging this man of his right to ownership of his property. *Although relief under Rule 60(b) is subject to review for abuse of discretion , if a "judgment is void , it is a per se abuse of discretion for a district court to delay a movant's motion to vacate the judgment." United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.995). A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent With due process of law"*

2. One of the JASON WESLEY  contends that his right to due process, a constitutional  guaranteed  was  deprived  and  the  United  States Supreme Court has held that judgments/orders made


   without or collaterally. This Court/Title IV-D Tribunal must provide evidence of jurisdiction to order support in violation of due process as guaranteed by 4th, 5th, 6th, 9th , and 14th Amendments as required by due process of law. " *Although relief under rule 60(b) is subject to review for abuse of discretion, if a " judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment." United States V. Indoor Cultivation Equip. from*

*High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir. 1995).*

*A judgment is void and should be vacated pursuant to Rule 60(b)(4)*

*if "the court that rendered the judgment acted in a manner*

*inconsistent with due process of law.*

3. JASON WESLEY gives notice that he, having never dealt with the family court system or any court of equity to his knowledge previous to this time, claims an affirmative defense alleging that he did have a good faith reliance on a misleading

Representation asserted by this court and that he now has an injury and a detrimental change in his position directly resulting from that reliance.

4. At no time knowingly waived his right to a trial by jury (US Constitutional Article 3 Section 2 and Amendment 7) the freedom from involuntary servitude, (US Constitution Amendment 13 Section 1.) and the right to be free from incarceration for failure to pay a debt. This practice concerning civil matters was banned under federal law in 1833 and banned by the US Constitution 14th Amendment as interpreted by the Supreme Court in a 1983 ruling which stated that incarcerating indigent debtors was unconstitutional under the Fourteenth Amendment's Equal Protection clause and under no circumstances can this court create a court ordered money judgment called a support order rendering JASON WESLEY into poverty by the court's claim that support must be paid and paid through a state-run

7

child support enforcement agency for which the state will receive up to 66% federal funds, another violation of taking private property and using for public use without compensation.

5. JASON WESLEY at no time waived his right to an impartial equal protection of law under the 5th and 14th amendments.

6. Therefore this court has no discretion but to vacate support orders created in violation of due process. Although relief under Rule 60(b) is subject to review for abuse of discretion if a "judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment" United States v. Indoor Cultivation Euip. from High Tech Indoor Garden Supply, 55 F.3d 1311,1317 (7th Cir. 1995). A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent with due process of law"

7. This demand to vacate void judgments comes with no time restraints for a void judgment, the courts have held, an be attacked at any time, in any court. (Ex parte Siebold, 100 U.S.371,376,377:"... The validity of the judgment is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If this

8

position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void , and cannot be a legal cause of imprisonment. It is true,  if no writ of

Case 4:17-cv-02485 Document 1 Filed in TXSD on 01/04/17 Page 10 of 24

error lies, the judgment may be final, in the sense that there may no means of reversing it.

But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that... the question of the court's authority to try and imprison the party may be reviewed on habeas corpus..."

8. It is the duty of the courts to be impartial and provide equal protection of law an cannot rely upon presumptions in lieu of facts and evidence. "It may be that it... is the obnoxious thing in its mildest and least repulsive form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and

literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right as if it consisted more in sound than in substance. _It is the duty of the courts to be watchful for the constitutional rights of the citizens, and against any stealthy_

Case 4:17-cv-02688 Document 1 Filed in TXSD on 09/06/17 Page 11 of 29

_encroachments thereon._ There motor should be obsta principiis," Mr Justice Brewer, dissenting, quoting Mr. Justice Bradley in Boyd v. United States, 116 U.S. 616, 29 L.Ed. 746,6 Sup.Ct.Rep. 524 Hale v. Henkel, 201 U.S. 43 (1906)

_9._ This affidavit is demanding to view the evidence introduced into court during the evidentiary hearing resulting in granting this judicial or administrative entity the jurisdiction to create support orders ordering a third party Child Support Enforcement Agency to seize the personal property of JASON WESLEY , to suspend driving privileges, to suspend travel by freezing passport and to freeze bank accounts.

_10._      Without evidence, all actions taken upon one of the people JASON WESLEY ,  are and were unlawful requiring this judicial actor and court to issue an order ordering child support enforcement to cease and desist and order the immediate restoration of right and property. Definition of inalienable (adj.) Look up inalienable at Dictionary.com " that cannot be given up,"

PRESUMPTIONS ARE NOT FACTS AND PROPER DUE PROCESS OF LAW IS

TO REPLACE ALL PRESUMPTIONS WITH FACTS SUPPORTED BY EVIDENCE.

Case 4:17-cv-02685 Document 1 Filed in TXSD on 09/06/17 Page 12 of 29

1. One of the people JASON WESLEY  hereby informs this court that he rebuts all conclusion presumptions therefore this court must not support use of presumptions

Without the clarification of evidence to support conclusive presumptions, such as obligor. An obligor is obligated to a contract, and proof of consent is required before calling one of the people JASON WESLEY  and the obligor by providing proof he entered into a contract to pay child support through child support collection services. ___Obligor (n) Look up obligor at Dictionary.com "person who binds himself to another by contract,"___

2. The following child support terms are conclusive presumptions encroaching upon my right to due process and equal protection of law.

3. **Obligor:** The person obligated to pay child support (also referred to as a noncustodial parents or NCP)

11

4. **Non- custodial parent:** the parent who does not have primary care, custody, or control of the child, and who may have an obligation to pay child support. Also referred to as the obligor.

Case 4:17-cv-00685 Document 1 filed in TXSD on 09/06/17 Page 13 of 24

5. **Biological Father:** The man who provided the parental genes of a child. The biological father is sometimes referred to as the natural father.

6. **Payor:** Person who make a payment, usually a noncustodial parent or someone acting on their behalf.

**All Conclusive Presumptions by this entity or Agent addressing this Judicial Review and Demand for Dismissal and Discharge must be supported by Clarification of Evidence to Support Presumptions or the Presumptions will prejudice or Injure the Protected Rights of the undersigned, a Violation of Due process of Law that Results in a Void Judgment for failure to follow due process guaranteed by 5th and 14th amendments.**

1. The presumptions in this matter requiring evidence that due process of law and equal of protection of law were provided and the

presumption the undersigned is obligated by contract under Title IV-

A to pay child support to Title IV-D Child Support Collection contractor.

Case 4:17-cv-02685 Document 1 filed in TXSD on 09/06/17 Page 14 of 28

2. These presumptions must be proven by facts and evidence or this
   demand for dismissal and discharge must be granted immediately
   without terms.

   **Black's Law Dictionary, Sixth Edition, defines "presumption"
   as follows:**

**Presumption**: An inference in favor of a particular fact. A presumption is a

rule of law, statutory or judicial, by which the finding of a basic fact gives

rise to the existence of a presumed fact, until the presumption is rebutted.

**Van Wart v. Cook, Okl.App., 557 P.2d. 1161,1163.** A legal device that

operates in the absence of other proof to require that certain inferences be

drawn from the available evidence. **Port Terminal & Warehousing Co.v**

**John S. James 40 Co., D.C.Ga., 92 F.R.D.100,106.**

**A "presumption" is not evidence, but simply a brief akin to a**

**religion.** A presumption is an assumption of fact that the law requires to

be made from another fact or group of facts found or otherwise established

in the action. A presumption is not evidence. A presumption is either (a) a

presumption affecting the burden of producing evidence or (b) a presumption affecting the burden of proof. Calif. Evid. Code, $600.

Case 4:17-cv-02085 Document 1 filed in TXSD on 09/06/17 Page 15 of 29

**In all civil actions and proceedings not otherwise provided for by Act of Congress or by the Federal Rule of Evidence, a presumption imposes on the party against whom it is directed the burden of going forward**

**With evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion which remains throughout the trial upon the party on whom it was originally cast. Federal Evidence Rule 301.**

See also disputable presumption; inference; Juris et de jure; Presumptive evidence; prima facie; Raise a presumption.

Presumptions may not be imposed if they injure rights protected by the Constitution: A conclusive presumption may be defeated its application would impair a party's constitutionally- protected liberty of property interests.

14

In such cases, conclusive presumptions have been held to violate a party's due process and equal protection rights. (Vlandis v.Kline (1973) 412 U.S 441,449,93 S.Ct. 22030, 2235; Cleveland Bed. Of Ed. v. LaFleur (1974)

Case 2:17-cv-02685 Document 1 Filed in TXSD on 09/06/17 Page 15 of 29

414 U.S 632, 639-640, 94 S.Ct. 1208, 1215- presumption under Illinois law that unmarried fathers are unfit violates process.

To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable Doubt. In re Winship, 397 US.358, 364 (1970). {425 U.S. 501,504}{Delo v. Lashely, 507 U.S. 272 (1993)}

I declare that a full discharge and dismissal for the unconstitutional procedures violating due process used in the efforts to collect an unsubstantiated debt for an unsubstantiated loan for public  assistance under Title IV-A of the Social Security Act.

**All state child support proceeding must be in accordance with federal child support enforcement under 45 CFR 303.101,**

15

**<u>therefore, I declare that a full discharge and dismissal for violation</u>**

**<u>of due process for the presiding officer's failure to follow guidelines</u>**

**<u>under 45 CFR 303.101 Expedited Processes.</u>**

Case 4:17-cv-02685 Document 1 Filed in TXSD on 09/06/17 Page 17 of 20

1. **45 C.F.R. & 303.101 (d)(1)** Taken testimony and establishing a record. Whereas One of the people denies being afforded due process and equal protection of law as required by 14th amendment, therefore these child support terms are presumptions insinuating guilt, which the facts and lack of physical evidence prove these presumptive terms are false therefore must be removed from all records claiming a Title IV-A Child support loan was made to One of the people JASON WESLEY

2. **45 C.F.R. & 303.101(c) (2)** Parties must be afforded due process; Whereas I understand it, the State of TEXAS has seized JASON WESLEY property by denying my 14th amendment right due process and equal protection of law and my property has been seized without a warrant in violation of the 4th amendment.

16

**EVIDENCE PROVIDED BY THE DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION THIS COURT HAS A PECUNIARY INTEREST IN THE OUTCOME OF SUPPORT ORDERS WHEREBY A VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW UNDER 14TH AMENDMENT**

Case 4:17-cv-02685 Document 1 Filed in TXSD on 03/06/17 Page 18 of 29

The United States Department of Justice Civil Rights Division Memo dated March 16, 2016, stated the following:

1. _"Court must safeguard against unconstitutional practices by court staff and private contractors."_

2. _"Court must not use arrest warrant or license suspensions as a means of coercing the payment of court debt when individuals have not been afforded constitutionally adequate procedural protections."_

Family Court Division, Circuit Courts, and Child support enforcement contractors receive federal funds 42 USC section 654 by states

Creating a separate organization for child support enforcement and Title IV-D 42 USC sec 658a for child support enforcement incentives, therefore has a pecuniary interest in the outcome of support

proceedings, _and this is a serious violation of the due process clauses of the 14th Amendment under ward v Monreoiville._ **_Ward v. Village of Monroeville, Ohio, 409 U.S. 57,61-62 (1972)._**

"In Court systems receiving federal funds, these practices may also violate **_Title VI of the Civil Rights Act of 1964, 42 U.S.C. & 2000d,_** when they unnecessarily impose disparate harm on the

Case 5:17-cv-00545  Document 1  Filed in TXSD on 08/08/17  Page 19 of 29

basis of race or national origin". _DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION MEMO DATED MARCH 16,2016._

Can this court support the practices by child support enforcement as constitutional? If it cannot, it must immediately be dismissed and discharge with prejudice.

1. The due process and equal protection principles of the Fourteenth Amendment prohibit "punishing a person for his poverty." Bearden v. Georgia, 461 U.S. 660,671 (1983).

2. The Supreme Court recently reaffirmed this principle in Turner v. Rogers, 131 S. Ct. 2507 (2011), holding that a court violates due process when it finds a parent in civil contempt and jails the parent for failure to pay child support, without first inquiring into the parent's ability to pay Id. At 2518-19.

3. To comply with this constitutional guarantee, state local courts must inquires as to a person's ability to pay prior to imposing incarceration for nonpayment.

Courts must not condition access to a judicial hearing on prepayment of fines or fees.

"State and local courts deprive indigent defendants of due process equal protection if they condition access to the courts on payment of fines or fees. **See Boddies v. Connecticut, 401 U.S. 371, 374 (1971)** (holding that due process bars states from conditioning access to compulsory judicial process on the payment of court fees by those unable to pay); see also **Tucker v. City of Montgomery Bd. Of Comm'rs 410 F. Supp. 494,502 (M.D. Ala 1976)** (holding that the conditioning of an appeal on payment of a bond violates indigent prisoner's equal protection right and "has no place in our heritage of Equal Justice Under Law' " (**citing Burns v.Ohio 360 U.S. 252, 258 (1959)).**"

Suspending of driver's license is an unconstitutional administrative procedure by depriving one of the people JASON WESLEY

Of his right to travel hindering his livelihood and forcing him further into poverty.

**Court must not use arrest warrants or license suspensions as a mean of coercing the payment of court debt when individuals**

Case 4:24-cv-00557-P   Document 1   Filed 06/17/24   Page 20 of 30   PageID 20

**have not been afforded constitutionally adequate procedural protections.**

"In many jurisdictions, courts are also authorized- and in some cases required- to initiate the suspension of a defendant's driver's license to compel the payment of outstanding court debts. If a defendant's driver's license is suspended because of failure to pay a fine, such a suspension may be unlawful if the defendant was deprived of his due process right to establish inability to pay. **See Bell v. Burson, 402 U.S.535,539 (1971)** (holding that driver's licenses " may become essential in the pursuit of a livelihood" and thus "are not to be taken away without that procedural due process required by the Fourteenth Amendment") **cf. Dixon v.Love,431 U.S. 105, 113-14 (1977)** (upholding revocation of driver's license after conviction based in part on the due process provided in the underlying

criminal proceedings); **Mackey v. Montrym, 443 U,S. 1, 13-17 (1979)**

(upholding suspension of driver's license after arrest for driving under the influence and refusal to take a breath- analysis test, because suspension "substantially served" the government's interest in public safety and was based on " objective facts either within the personal knowledge of an impartial government official or readily ascertained by

Case 4:17-cv-02635 Document 1 Filed in TXSD on 09/05/17 Page 21 of 30

him," making risk of erroneous deprivation low). Accordingly, automatic license suspensions premised on determinations that fail to comport with Bearden and its progeny may violate due process." (<u>DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION MEMO DATED MARCH 6,2016</u>)

**<u>Courts must safeguard against unconstitutional practices by court staff and private contractors.</u>**

Under 42 USC section 658a Title IV-d Child Support Enforcement incentive payments results in the child support enforcement contractor having a significant pecuniary interest in the outcome, and as in this matter, will use expedited processes to speed up the process so the state of TEXAS can receive these federal funds at the cost of one of the people JASON WESLEY rights to due process and equal protection of laws guaranteed under the 14th amendment. This court was created to provide remedy and equal

21

protection of laws pursuant to the symbol of a blindfolded woman holding a scale, therefore, it is required that this court must guard against these encroachments.

"Additional due process concerns arise when these designed have a direct pecuniary interest in the management or outcome of a case-for example

Case 4:24-cv-00557-P   Document 1   Filed 06/17/24   Page 22 of 29

when a jurisdiction employs private, for –profit companies to supervise probationers. In many such jurisdictions, probation companies are authorized not only to collect court fines, but also to impose an array of discretionary surcharges (such a supervision fees, late fees, drug testing fees, etc.) to be paid to the company itself rather  than to the court. Thus, the probation company that decides what services or sanctions to impose stands to profit from those very decisions. The Supreme Court has "always been sensitive to the possibility that important actors in the criminal justice system may be influenced by factors that threaten to compromise the performance of their duty." **Young v. U.S .ex rel. Vuitton et fils S.A., 481 U.S. 787,810 (1987).** It has expressly prohibited arrangements in which the judge might have a pecuniary interest direct or indirect, in the outcome of a case. See **Tumey v. Ohio, 273 U.S. 510, 523 (1927)**

(invalidating conviction on the basis of $12 fee paid to the mayor only upon conviction in mayor's court); **Ward v. Village of Monroeville, Ohio, 409 U.S. 57,61-62 (1972)** (extending reasoning of Tumey to cases in which the judge has a clear but not direct interest). It has applied the same reasoning to prosecutors, holding that the appointment of a private prosecutor with a pecuniary interest in the

Case 4:17-cv-02085 Document 1 Filed in TXSD on 00/09/17 Page 24 of 29

the outcome of a case constitutes fundamental error because it "undermines confidence in the integrity of the criminal proceeding." Young,

481 U.S. at 811-14. The appointment of a private problem company with a pecuniary interest in the outcome of its cases raises similarly fundamental concerns about fairness and due process" **(DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION MEMO DATED MARCH 16,2016**

THE FOLLOWING CAN BE FOUND IN CHAPTER 6 essential for Attorneys in child Enforcement EXPEDITED JUDICIAL AND ADMINISTRATIVE PROCESSES

Constitutionality

The movement from judicial processes for CSE to administrative processes has raised issues of constitutionality. These are generally issues of separation of powers and due process.

**Separation of Powers** The separation of powers issue raised by the advent of administrative processes is whether the legislature can delegate a traditionally judicial area to the Executive branch of Government. The answer depends, in large part, on State constitutional law. Generally, State legislatures have broad authority to determine the rights and responsibilities of citizens and to establish process for enforcing those responsibilities.

Case 4:17-cv-07035 Document 1 filed in TXSC on 09/06/17 Page 75 of 78

PRWORA did not mandate the administrative establishment of child support orders, leaving the decision as to whether to remove this function form the Judicial branch and place it with the Executive branch up to the States.

The Supreme Court of Minnesota recently held the administrative child support process created by its legislature to be a violation of the separation of powers doctrine.

Minnesota's administrative process included procedures for uncontested and contested cases. In uncontested cases, the agency prepared a proposed support order for the parties' signature and the administrative law judge's ratification. If either party contested the proposed order, the case moved into the contested process. in the contested process, the case was presented by a child support officer (CSO) who was not an attorney. The administrative law judge (ALJ) had judicial powers, including the ability to modify judicial

24

child support orders. While the ALJ could not preside over contested paternity and contempt proceedings, he or she could grant stipulated contempt orders and uncontested paternity orders. While recognizing the importance of streaming child support mechanisms,

the Minnesota Supreme Court stated it could not ignore separation of powers constraints. It concluded that the administrative structure violated

separation of powers for three reasons. First, the administrative process infringed on the district court's jurisdiction in contravention to the Minnesota Constitution. Second, ALJ jurisdiction was not inferior to the district court's jurisdiction, as mandated by the Minnesota Constitution.

Third, the administrative process empowered non- attorney to engage in the practice of law, infringing on the court's exclusive power to supervise the practice of law. The decision was stayed for several months to give the legislature time to amend Minnesota laws in accord with the decision.

Due process

The question of due process raises a fundamental Federal constitutional protection. The 14th Amendment to the United States Constitution provides that a person "shall not be deprived of life, liberty, or property without due process of law." The U.S Supreme Court has established some very important criteria for due process, falling into three general areas: Challenges have arisen to the manner in which administrative process is

25

invoked. An illustrative case is Holmberg v. Holmberg, in which the Minnesota Supreme Court held that the State's administrative process for child support orders was unconstitutional. The legislature had put place a system under uncontested child support cases could be heard by administrative law judges, who had the power to set child support awards, and to modify awards previously set by circuit courts. The orders

Case 7:12-cv-02096 Document 1 Filed in TXSD on 09/01/37 Page 27 of 29

were directly appealable to the appellate court, without review by the district court. The Minnesota Supreme court held that such a system is unconstitutional because it violates the separation of powers doctrine and Usurps the original jurisdiction of the district court. On more of the constitutional safeguards has been violated in the expedited processes for assessment of support and issuance of an alleged support order alleging a debt exists for a loan under Title IV-A of Social Security Act. The court must provide proof of a money judgment entered with county clerk pursuant All Writs Section proving that all writs coming from a court within the U.S must have clerk's signature pursuant 28 USC sections 1691 or it is void. The Court hearing this demand for dismissal and discharge has judicial responsibility to ensure the equal protection clause provided the 14th amendment protecting against any state child support laws and administrative procedures which shall violate the following:

1. The 14th amendment protection from state laws and administrative procedures that shall violate inalienable rights guaranteed in the state and US Bill of Rights. A fundamental, constitutional guarantee that all legal proceedings will be fair and that one will be given notice of the proceedings and an opportunity to be heard before the government acts to take away one's life, liberty, or property. Also, a

Case 4:24-cv-00557-P   Document 1   Filed 06/17/24   Page 28 of 30

constitutional guarantee that a law shall not be unreasonable, Arbitrary or capricious.

2. 7th Amendment Right to a trial by jury in controversies of $20 or more

3. The threat of incarceration must allow for right to counsel in accordance with 6th amendment.

4. The 4th amendment guarantee of freedom from seizure of property unless by due process of law by a warrant with oath or affirmation. The seizure of property were violated and this court must guard against violation. All courts are created for remedy and this declaration and demand for remedy by issuance of dismissal and discharge with prejudice.

## CLARIFICATION OF EVIDENCE IS WHAT GIVES THE ADJUDICATOR AND THE COURT JURISDICTION TO SUPPORT A DISMISSAL/ DENIAL OF THIS NOTICE TO THE COURT

Please refrain from dismissing this notice of Demand with a single line statement "dismissed/ denial for lack of merit" without first providing a clear clarification of evidence introduced by the petition of the support proceedings. The justification of a Dismissal/ Denial

must be based upon evidence, and clarification of this evidence by clarifying where and when such proof was introduced along with the exhibit number or letter affixed

to the exhibits marked as evidence, which led the fact finder to establish the support orders.

One of the people JASON WESLEY confident this court will immediately dismiss and discharge this matter with prejudice. Thank you.

CERTIFICATION

The undersigned hereby affirms under threat of perjury that the aforementioned affidavit is true and the information in italics were accumulated from **I45 CFR 303.101, Chapter 6 Essential for Attorneys health and Human Services and United States Department of Justice Civil Rights Division dated March 16,2016.**

By Authorized representative Jason wesley - V-C
UCC1 308

28

*Certified mail United States District Court Nothern District of Texas divisions
Dallas/Ft Worth: CM # 70221670000 9 B161102*

CASE: 233-726001-22                    **COPY**

Enclosed:

I.  NOTICE DEMAND TO VACATE SUPPORT ORDER FEDERAL
    RULE 60(b)(4) DEMAND JUDICIAL REVIEW

II. AFFIDAVIT FOR TEMPORARY INJUNCTION

Cc: TARRANT COUNTY FAMILY COURT % ASSOCIATE JUDGE
SEAN COOK; Attorney General; Thomas Wilder Tarrant County
District Clerk, 233rd District Court Judges Chambers; Law office of
Bethel T Zehaie *United States District Court Nothern District*
*OF Ft Worth! certified mail: Tarrant County 233rd Officer of court cm: 70221670000890104*
*Certified mail: Tarrant County District Clerk Thomas Wilder - CM# 70221670000890 10924*
*Tarrant County Family Court Associate Judge Sean Cook - CM# 70221670000890*
*Attorney General Child Support - CM# 70221670000890 10917*                    *10915*
*Bethel T Zehaie Law Office - CM# 70221670000890 10931*

State of Texas County Of _Dallas_

This instrument was acknowledged before me on _10/4/24_ by
*Authorized representative Jason Wesley --- V.C   UCC1-308*

(Personalized Seal)                         Notary Public's Signature



KAREN MICHELLE JUSTICE
Notary Public, State of Texas
Comm. Expires 08-28-2024
Notary ID 132648679



CERTIFIED MAIL

Closed
410 N Pacific Ave
Dallas, TX 75201

7022 1670 0000 8901 6962

Retail

U.S. POSTAGE PAID
FCM LG ENV
GARLAND, TX 75043
JUN 11, 2024

76102   $10.64

RDC 99   R2304W121551-06

RECEIVED

JUN 17 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

United States District Court
Northern District of Ft. Worth
501 West 10th St
Ft. Worth, TX 76102